UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO.

RYAN GUYROVERE,

    Plaintiff,

v.

LAW OFFICES OF TUCKER &
LOKEINSKY, P.A. and PLANTATION
FRENCH QUARTER CONDOMINIUM, INC.,

    Defendants.

## COMPLAINT

Plaintiff, RYAN GUYROVERE ("GUYROVERE" or "PLAINTIFF"), alleges violation of the Florida Consumer Collection Practices Act § 559.55 *et seq.* ("FCCPA") and the Fair Debt Collection Practices Act 15 U.S.C.A. § 1692 *et seq.* against Defendant, LAW OFFICES OF TUCKER & LOKEINSKY, INC, P.A ("TUCKER"). Plaintiff further alleges violation of the FCCPA and breach of contract against Defendant PLANTATION FRENCH QUARTER CONDOMINIUM, INC. ("FRENCH").

### PARTIES

1. Plaintiff is a natural person and a resident of Broward County, Florida.

2. Defendant, TUCKER, is a Florida law firm with its principal place of business at 800 East Broward Boulevard, Suite 710, Fort Lauderdale, FL 33301. Tucker's primary purpose is the collection of debts for home-owners associations, and foreclosing liens.

3. Defendant, FRENCH, is a condominium that operates from 4800 North State Road 7, Suite 105, Lauderdale Lakes, FL 33319.

1

## JURISDICTION AND VENUE

4. The Court has subject matter jurisdiction under 28 U.S.C. § 1331 because this action arises out of the Fair Debt Collection Practices Act, a federal statute. The Court has supplemental jurisdiction of the state law claims pursuant to 28 U.S.C. § 1367.

5. Venue is proper because the alleged acts and transactions complained of occurred here and both Defendants transact and/or conduct business here.

## APPLICABLE LAWS
### FDCPA

6. The purpose of the FDCPA is "to eliminate abusive debt collection practices . . . and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692.

7. The FDCPA prohibits debt collectors from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt," which includes the false representation of "the character, amount, or legal status of any debt." *Id.* § 1692e.

8. The FDCPA also prohibits debt collectors from "unfair or unconscionable means to collect or attempt to collect any debt," including "the collection of any amount unless such amount is expressly authorized by the agreement creating the debt or permitted by law." *Id.* § 1692f.

9. The FDCPA creates a private right of action under 15 U.S.C. § 1692k.

10. The FDCPA defines "consumer" as "any natural person obligated or allegedly obligated to pay any debt." *Id.* § 1692a(3).

11. The FDCPA defines "debt collector" as "any person who uses . . . any business the principal purpose of which is the collection of any debts, or who regularly collects or

attempts to collect . . . debt owed . . . or asserted to be owed or due another." *Id.* § 1692a(6).

12. The FDCPA defines communication as "conveying of information regarding a debt directly or indirectly to any person through any medium." *Id.* § 1692a(2).

13. The FDCPA defines "debt" as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction . . . [that] are primarily for personal, family, or household purposes." *Id.* § 1692a(5).

## FCCPA

14. The Florida Supreme Court liberally construes public protection statutes in favor of the public. *Samara Dev. Corp. v. Marlow*, 556 So. 2d 1097, 1100 (Fla. 1990).

15. The FCCPA prohibits debt collectors from engaging in certain abusive practices in the collection of consumer debts. *See generally* § 559.72, Fla. Stat. Ann.

16. The FCCPA's goal is to "provide the consumer with the most protection possible." *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1192 (11th Cir. 2010) (citing § 559.552, Fla. Stat. Ann.).

17. Specifically, the FCCPA states that no person shall "claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist." § 559.72(9), Fla. Stat. Ann.

18. The FCCPA creates a private right of action under § 559.77, Fla. Stat. Ann.

19. The FCCPA defines "consumer" as "any natural person obligated or allegedly obligated to pay any debt." *Id.* § 559.55(8).

20. The FCCPA mandates that "no person" shall engage in certain practices in collecting consumer debt. *Id.* § 559.72, Fla. Stat. Ann. This language includes all

3

allegedly unlawful attempts at collecting consumer claims. *Williams v. Streeps Music Co., Inc.*, 333 So. 2d 65, 67 (Fla. 4th DCA 1976).

21. The FCCPA defines "debt" as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment." *Id.* § 559.55(6).

**FACTUAL ALLEGATIONS**

22. Plaintiff purchased a condominium as his personal residence at Plantation French Quarter Condominium, Inc. approximately 13 years ago. Plaintiff's unit was located at 282 N.W. 69th Avenue, #177, Plantation, FL 33317

23. The relationship between Plaintiff and Defendant French was governed by French's Condominium By Laws, House Rules, and Declaration of Condominium. True and accurate copies of each are attached hereto as Exhibit "A," "B," and "C."

24. Plaintiff's monthly H.O.A. dues were contractually set by French at $376.40 per month.

25. Plaintiff regularly used his personal Discover card in order to pay his monthly H.O.A. dues to French.

26. Despite having made his October 2016 H.O.A. payment, Defendant French insisted that Plaintiff did not do so.

27. Plaintiff made numerous telephone calls to Defendant French and advised them that he made the payment on October 5, 2016, and that Defendant French received it. Plaintiff supplied Defendant French with a copy of his Discover card statement that clearly shows that Plaintiff made his payment on October 5, 2016. Accordingly, Defendant French had

actual knowledge that Plaintiff did indeed make his October 2016 H.O.A. payment. (See Exhibit "D")

28.     Defendant French subsequently began acting jointly and in concert with Defendant Tucker in an attempt to collect a debt that Plaintiff simply did not owe.

29.     Defendant Tucker sent Plaintiff a dunning letter dated July 24, 2018 demanding that Plaintiff pay a total of $1,033.08.  (See Exhibit "E").  Plaintiff Tucker acknowledged that it was a debt collector acting on behalf of Defendant French, and threatened to place a lien on Plaintiff's property unless he paid $1.033.88 within 35 days.

30.     Plaintiff then proceeded to place numerous telephone calls to Defendant Tucker, advising that he had indeed made his October 2016.   Plaintiff also mailed Defendant Tucker a letter that explained why he did not owe the amount alleged, (See Exhibit "F"), and included his Discover statements which clearly showed that Plaintiff made his October 2016 H.O.A. payment.  Accordingly, Defendant Tucker had actual knowledge that Plaintiff did not owe the amount he was being dunned for.

31.     Undeterred, Defendant Tucker refused to stop its collection attempts.   Defendant Tucker sent another dunning letter to Plaintiff on September 14, 2018 (See Exhibit "G") demanding that Plaintiff pay $1,261.90.

32.     On that same date (September 14, 2018), Defendant Tucker placed a lien on Plaintiff's property in the amount of $2,084.46.  (See Exhibit "H.")

33.     While these illegal debt collection activities were going on, Plaintiff was in the process of selling the condominium at issue.

34. Because of the illegal lien that was placed on his property, Plaintiff was unable to sell it as planned.

35. Plaintiff continued to call Defendant Tucker's law firm on multiple occasions to explain the situation, but he was never allowed to speak with an attorney.

36. In response to Plaintiff's multiple telephone calls to Defendant Tucker, Defendant Tucker mailed Plaintiff an Estoppel Letter dated September 27, 2018 which now demanded that Plaintiff pay $2,656.36.  (See Exhibit "I")

37. Because Plaintiff could not complete the sale of his house with the lien in place, Plaintiff was forced to pay Defendant Tucker the illegal sum that was demanded. Defendant Tucker then forwarded a portion of its ill-gotten gains to Defendant French.

38. Both Defendants have knowingly collected, and refused to refund, an illegitimate debt from Plaintiff.

### COUNT I AS TO THE DEFENDANT TUCKER:
### VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT
### § 559.72(9), FLA. STAT. ANN.

39. Plaintiff is a "consumer" as defined by § 559.55(8), Fla. Stat. Ann. because he is a natural person allegedly obligated to pay a debt in connection with his personal residence.

40. Defendant Tucker is a "person" as defined under the FCCPA because it attempted to collect and did collect a consumer debt from Plaintiff.

41. Defendant Tucker attempted to collect a "consumer debt" from Plaintiff as defined by § 559.55(6), Fla. Stat. Ann. because Plaintiff was allegedly obligated to pay a debt for his personal condominium.

42. Defendant Tucker knew it had no legal right to collect the consumer debt from Plaintiff because Plaintiff provided written proof that he paid the debt at issue.

43. Defendant Tucker has attempted to collect and did collect an illegitimate debt from Plaintiff and it enforced, claimed, and asserted a known non-existent legal right to that debt when it charged and collected the illegal debt from Plaintiff.

44. As a result of the Defendant Tucker's FCCPA violation, Plaintiff suffered substantial damage, including but not limited to out-of-pocket monetary loss.

## COUNT II AS TO THE DEFENDANT TUCKER:
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## §§ 1692e(2)(A), 1692f(1)

45. Plaintiff is a "consumer" as defined by 15 U.S.C.A. § 1692a(3) when he purchased his home by mortgage in Florida.

46. Defendant Tucker is a "debt collector" as defined by 15 U.S.C. § 1692a(6) when it attempted to collect a debt from Plaintiff for an alleged past due H.O.A. payment.

47. Defendant Tucker engaged in "communications" with Plaintiff as defined by 15 U.S.C. § 1692a(2) when it sent the August 29, 2018 and September 27, 2018 letters to Plaintiff demanding that he make payment to Defendant Tucker. The debt was personal in nature as it was purchased as Plaintiff's primary residence.

48. Defendant Tucker violated 15 U.S.C. § 1692e(2)(A) when it made false, deceptive, and misleading representations about the character and amount that Plaintiff owed to Defendant Tucker

49. Defendant Tucker violated 15 U.S.C. § 1692f (1) when it charged for fees not owed and not expressly authorized by agreement.

50. Defendant Tucker's violation of the FDCPA harmed Plaintiff by depriving him of the statutory right to accurate, clear, and conspicuous information concerning his maintenance fee.

51. As a result of Defendant Tucker's violation of 15 U.S.C. § 1692e and 15 U.S.C. § 1692f, Plaintiff is entitled to actual damages, plus statutory damages under 15 U.S.C. § 1692(k), together with reasonable attorney's fees and costs.

**COUNT I AS TO THE DEFENDANT FRENCH:**
**VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT**
**§ 559.72(9), FLA. STAT. ANN.**

52. Plaintiff is a "consumer" as defined by § 559.55(8), Fla. Stat. Ann. because he is a natural person allegedly obligated to pay a debt relating to his personal residence.

53. Defendant French is a "person" as defined under the FCCPA because it attempted to collect and did collect a consumer debt from Plaintiff.

54. Defendant French attempted to collect a "consumer debt" from Plaintiff as defined by § 559.55(6), Fla. Stat. Ann. because Plaintiff was allegedly obligated to pay a debt for personal, family, or household purposes.

55. Defendant French knew it had no legal right to collect the consumer debt from Plaintiff because Plaintiff provided written proof that he paid the debt at issue.

56. Defendant French has attempted to collect and did collect an illegitimate debt from Plaintiff and it enforced, claimed, and asserted a known non-existent legal right to that debt when it charged and collected the illegal debt from Plaintiff.

57. As a result of the Defendant French's FCCPA violation, Plaintiff suffered substantial damage, including but not limited to out-of-pocket monetary loss.

**COUNT II AS TO THE DEFENDANT FRENCH:**
**BREACH OF CONTRACT**

58. Plaintiff and Defendant French's relationship is governed by the Condominium By Laws that are attached to the Complaint.

59. Defendant French charged and collected attorneys fees from Plaintiff pursuant to the contract between Defendant French and Plaintiff.

60. Plaintiff agreed to pay his monthly H.O.A. dues, and Defendant French agreed to properly credit them to Plaintiff's account.

61. Plaintiff paid his October 2016 H.O.A. due as agreed, and Defendant French has failed to credit it to Plaintiff's account for a period of more than two (2) years. This material breach was further exacerbated when Defendant French forced Plaintiff to pay in excess of $2,600.00 in illegal fees in order to complete the sale of his residence.

62. Plaintiff is entitled to have his attorneys fees paid pursuant to § 57.105(7), Fla. Stat. Ann.

## RELIEF REQUESTED

**WHEREFORE**, based on the above stated in this Complaint, Plaintiff has been the subject of each Defendants abusive and unfair practices in violation of the FCCPA. Plaintiff has also been the subject of Defendant Tucker's violation of the FDCPA. Finally, Defendant French breached its contractual duties to Plaintiff. Plaintiff respectfully requests this Honorable Court to enter judgment for the Plaintiff and the following forms of relief:

a) Actual damages;

b) Statutory damages under the FCCPA;

c) Reasonable attorneys' fees and costs pursuant to the FCCPA;

d) Statutory damages under the FDCPA;

e) Reasonable attorneys fees and costs under the FDCPA;

f) Attorneys fees pursuant to § 57.105(7), Fla. Stat. Ann.

g) a judgment awarding injunctive relief;

    h) That the Court enter an order that both Defendants and its agents, or anyone acting on its behalf, is immediately restrained from altering, deleting or destroying any documents or records; and

    i) Such other and further relief as the Court may deem just and proper;

    j) Plaintiff respectfully requests a trial by jury on all issues so triable.

Dated: November 1, 2018          Respectfully submitted,

                                     /s/ J. Dennis Card Jr.
                                     J. Dennis Card, Jr., Esq. (FL Bar No: 0487473)
                                     E-mail: dennis@cloorg.com
                                     /s/ Darren R. Newhart
                                     Darren R. Newhart, Esq. (FL Bar No: 0115546)
                                     E-mail: darren@cloorg.com
                                     CONSUMER LAW ORGANIZATION, P.A.
                                     721 US Highway 1, Suite 201
                                     North Palm Beach, Florida 33408
                                     Telephone: (561) 822-3446
                                     Facsimile: (305) 574-0132
                                     *Attorneys for Plaintiff*